# THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

RALPH EDWARD CROMPTON,

    Plaintiff,

v.                                               Case No. 5:25-cv-161-AW-MJF

SAM DEFIGARELLI, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

In this civil action pursuant to 42 U.S.C. § 1983, Plaintiff asserts that Defendants violated the Eighth Amendment. Because exhaustion of administrative remedies is a prerequisite to commencing this action, and because Plaintiff failed to exhaust his administrative remedies before commencing this case, the PLRA requires the District Court to dismiss this action.

### BACKGROUND

On June 26, 2025, Plaintiff commenced this civil action. He alleges that Defendants exhibited deliberate indifference to his serious medical needs when they canceled his cataract surgery. Doc. 1 at 19.

On August 12, 2025, Plaintiff filed a motion for leave to amend his complaint, Doc. 7, and a proposed first amended complaint, Doc. 5. The undersigned accepted Plaintiff's proposed amended complaint as Plaintiff was entitled to amend as a matter of course. The allegations in the amended complaint and supporting memorandum and the exhibits attached thereto establish that Plaintiff did not exhaust his administrative remedies until July 23, 2025, *one month after Plaintiff commenced this instant action*. Doc. 5 at 6–7 (noting Plaintiff received the Central Office's response to his grievance appeal on July 31, 2025); Doc. 5-1 at 6–12 (same); Doc. 6 at 1–2 (same).

## STANDARD

Because Plaintiff is a prisoner, the District Court is required to review Plaintiff's complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b). "A complaint must be dismissed if its factual allegations, on their face, establish an affirmative defense," like exhaustion of administrative remedies "that bars recovery." *Ingram v.*

*Kubik*, 30 F.4th 1241, 1250 (11th Cir. 2022); *see Jones v. Bock*, 549 U.S. 199, 215 (2007); *Wells v. Brown*, 58 F.4th 1347, 1357 (11th Cir. 2023) (concluding that a plaintiff fails to state a claim if "the plaintiff's failure to exhaust appears on the face of the complaint.").

## DISCUSSION

Here, the defense of failure to exhaust administrative remedies appears on the face of Plaintiff's amended complaint. Under the PLRA a prisoner may not file a § 1983 action "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of such remedies is a mandatory precondition to filing a lawsuit. *Varner v. Shepard*, 11 F.4th 1252, 1258 (11th Cir. 2021). Additionally, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Varner*, 11 F.4th at 1260. "Proper exhaustion 'means using all steps that the agency holds out, and doing so *properly* . . . .'" *Varner*, 11 F.4th at 1260 (quoting *Woodford*, 548 U.S. at 90). The relevant agency, not the PLRA, determines the proper method of exhaustion. *Jones*, 549 U.S. at 218.

The Florida Department of Correction's ("FDC") grievance procedure generally entails a three-step process. To complete the process,

an inmate must: (1) file an informal grievance with a designated prison staff member; (2) file a formal grievance at the institutional level with the warden's office; and (3) submit an appeal to the Office of the Secretary (through the Bureau of Policy Management and Inmate Appeals in the FDC's Central Office). Fla. Admin. Code r. 33-103.005 to -103.007. An inmate who files a medical grievance may skip the informal grievance and begin with a formal grievance at the institutional level, however. Fla. Admin. Code r. 33-103.006(3)(e). If an inmate is dissatisfied with the response at the institutional level, the inmate may file a grievance appeal to the Central Office. Fla. Admin. Code r. 33-103.007. The Central Office must respond to a grievance appeal within 30 calendar days of receipt of the grievance. Fla. Admin. Code r. 33-103.011(3)(c).

Here, Plaintiff's allegations and exhibits establish the facts relevant to Plaintiff's exhaustion efforts:

- On April 18, 2025, LPN Landry notified Plaintiff that his surgery was canceled. Doc. 5 at 6.

- On April 21, 2025, Plaintiff filed a medical grievance. Doc. 5 at 6; Doc. 5-1 at 6.

- On April 22, 2025, the Warden's office received the medical grievance. Doc. 5-1 at 7.

- On May 6, 2022, the Warden's Office responded and returned the formal grievance to Plaintiff. Doc. 5 at 6; Doc. 5-1 at 8.

- On May 13, 2022, Plaintiff filed an administrative appeal to the Central Office. Doc. 5 at 7; Doc. 5-1 at 8–9.

- On June 25, 2025, the Central Office received Plaintiff's administrative appeal. Doc. 5-1 at 11.

- On June 26, 2025, Plaintiff commenced this civil action, while his administrative appeal was still pending in the Central office. Doc. 1 at 19.

- On July 23, 2025, the Central Office timely denied Plaintiff's administrative appeal. Doc. 5 at 9; Doc. 5-1 at 12.

Taking these allegations as true, Plaintiff did not complete the administrative process prior to commencing this lawsuit on June 26, 2025. Instead, the process was completed on July 23, 2025, when he received the Central Office's response to the administrative appeal.

Proper exhaustion must occur *before* the Plaintiff initiates the lawsuit. *Booth v. Churner*, 532 U.S. 731, 733 (2001); *see Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) ("The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint."). An amendment of a complaint to note *post hoc* exhaustion of remedies does not cure this defect. *Smith*, 491 F. App'x at 83

(concluding that plaintiff's "attempt to amend or supplement his original complaint did not change the important historical fact: his administrative remedies were unexhausted when he filed his original complaint") (citing *Harris v. Garner*, 216 F.3d 970, 974 (11th Cir. 2000)); *Okpala v. Drew*, 248 F. App'x 72, 73 (11th Cir. 2007). Therefore, the District Court must dismiss Plaintiff's complaint without prejudice.

## CONCLUSION

Because Plaintiff failed to exhaust his administrative remedies prior to commencing this civil action, the undersigned respectfully recommends that the District Court:

1. **DISMISS** without prejudice this civil action pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(a).

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 20th day of August, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B),**

**(C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**