IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**RALPH EDWARD CROMPTON,**

    **Plaintiff,**

v.                                                                             Case No. 5:25-cv-161-AW-MJF

**SAM DEFIGARELLI, CENTURION OF**
**FLORIDA LLC, et al.,**

    **Defendants.**

_____/

## **ORDER OF DISMISSAL**

Pro se prisoner Ralph Edward Crompton sued Sam Defigarelli and others. The magistrate judge issued a report and recommendation (ECF No. 9), concluding the court should dismiss for lack of exhaustion. Crompton filed objections (ECF No. 10), and I have considered the matter de novo.

Under the Prison Litigation Reform Act, Crompton had to exhaust all available administrative remedies before filing his complaint. 42 U.S.C. § 1997e(a). This means that Crompton had to follow the Florida Department of Correction's grievance procedures. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Among other things, Crompton had to appeal to the Office of the Secretary the rejection of his formal grievance. *See* Fla. Admin. Code R. 33-103.007(1). Once that appeal was received, the Secretary had thirty days to respond. *Id.* 33-103.011(3)(c). Crompton

1

submitted that appeal, but rather than wait for a response—or wait for thirty days to elapse—he went ahead with this lawsuit.

Crompton argues he filed his appeal on May 13, *see* ECF No. 5 at 7; No. 5-1 at 9, got no response within thirty days, and could therefore "proceed with judicial remedies," Fla. Admin. Code R. 33-103.011(4). But the relevant starting point is when the appeal is received, not when filed. *Id.* 33-103.011(3)(c) (stating that grievance appeals "[s]hall be responded to within 30 calendar days from the date of the receipt of the grievance"). The appeal was received on June 25, ECF No. 5-1 at 11, which meant a response was not overdue until after July 25. Thus, when Crompton initiated this case on June 26, he had not yet exhausted his administrative remedies.

For these reasons, dismissal is appropriate. The report and recommendation (ECF No. 9) is adopted and incorporated into this order. The clerk will enter a judgment that says, "Plaintiff's claim is dismissed without prejudice for failure to exhaust." The clerk will then close the file.

SO ORDERED on September 12, 2025.

s/ *Allen Winsor*
Chief United States District Judge
